UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KHODOR AOUN,

    Defendant.

_____/

CRIM. CASE NO. 12-20667

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## ORDER DENYING DEFENDANT'S
## MOTION TO SUPPRESS STATEMENTS

The issue in this case is whether the defendant made a clear unequivocal assertion of the right to counsel during an in custody interrogation/interview by law enforcement officers. If yes, then the interrogation/interview should have terminated.

*Miranda v. Arizona*, 384 U.S. 436 (1966) "held that a suspect subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and that the police must explain this right to him before questioning begins." And in *McNeil v. Wisconsin*, 111 S.Ct. 2204, 2208 (1991) the Supreme Court held that *Miranda* is designed so that if a defendant requests counsel at any time during the interview, there should not be any further questioning to prevent the police from badgering him into waiving his previously asserted rights.

Justice Kennedy's concurring opinion in *Texas v. Cobb*, 121 S.Ct. 1335, 1344-45 (2001) notes: "Neither *Miranda* nor *Edwards* enforces the Fifth Amendment right unless the suspect

1

makes a clear and unambiguous assertion of the right to the presence of counsel during custodial interrogation." The Supreme Court's decision in *Davis v. United States* elaborates on the issue at hand, at 114 S.Ct. 2350, 2352 (1994):

> In this case we decide how law enforcement officers should respond when a suspect makes a reference to counsel that is insufficiently clear to invoke the *Edwards* prohibition on further questioning.

In *Davis*, while being interrogated, after waiving his rights, Davis said: "Maybe I should talk to a lawyer." *Id.* 2353. The agents responded that if he wants a lawyer, they would stop questioning: "that we weren't going to pursue the matter unless we have it clarified he is asking for a lawyer or is he just making a comment about a lawyer, and he said 'no, I'm not asking for a lawyer, and they continued on.'"

This Court must determine whether the defendant actually invoked his right to counsel: "this is an objective inquiry." *Davis* at 2355.

> But if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel, our precedents do not require the cessation of questioning. . . . Rather, the suspect must unambiguously request counsel . . . . If the statement fails to meet the requisite level of clarity, *Edwards* does not require that the officers stop questioning the suspect.

Later in *Davis*, the Court stated:

> [W]e decline to adopt a rule requiring officers to ask clarifying questions. If the suspect's statement is not unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him.

*Id.* at 2356.

In this case, because there was a videotape of the interview there is not two versions of

what occurred. There is a disagreement as to one word, but whether the Defendant said "Well, do I just talk with a lawyer," (Gov't Belief) or "Well, can I just talk with a lawyer," (Defense Belief) is not outcome determinative from the Court's point of view. The Court assumes, for this Opinion, the Defendant's version: "Well, can I just talk with a lawyer."

The tape evidences that prior to the language at issue, Defendant, who was on probation for a marijuana offense, had been provided with *Miranda* warnings, and a sheet containing them which he initialed and signed. Thereafter, Defendant began giving a statement to the officers. The officers did not believe Defendant's initial statement and told him so, in no uncertain terms. Thirty minutes into the interview, the "at-issue" language took place.

The Court publishes the relevant[1] transcript:

> Khodor Aoun: What do you want me to tell you, man?
>
> Special Agent Buyse: The truth.
>
> Special Agent Jury: I want the 100% truth of what occurred. I know you met more than Hassan. We know who else is involved. We know where and when it happened. Okay. Start from the beginning. What the fuck happened. So I can tear up this fucken bullshit lie you just gave me. Okay. This is your last chance. If you want to talk to us about it, talk about it.
>
> Khodor Aoun: Well do I just talk with a lawyer?
>
> Special Agent Jury: You can do that.
>
> Special Agent Buyse: You done?
>
> Khodor Aoun: I guess so.

---

[1] The Court listened five times to the tape and concludes that the Defendant said "Well, can I talk to a lawyer," rather than the Government transcript version of "Well, do I talk to a lawyer."

3

> Special Agent Buyse: No, I want to know for sure if you want a lawyer. Because if you want one, we can't talk to you. Then we are done.
>
> Special Agent Jury: This is the last time we can talk to you.
>
> Special Agent Buyse: This is it.
>
> Special Agent Jury: If you want to talk to a lawyer, that's cool. That's, you can do that. But you ain't going to see us again.

Thereafter, Defendant made the statement that he now seeks to suppress.

Defendant asserts two grounds for suppression of his statement: (1) it was involuntary, and (2) it was obtained in violation of his constitutional rights to counsel and/or self-incrimination.

On October 15, 2012, when the Defendant was interrogated by two federal ATF agents and a Sergeant of the Dearborn Police Department, the agents and the defendant used much profanity.

ANALYSIS

Thirty minutes into the interrogation/interview, Defendant asked, "Well, can I just talk to a lawyer." One agent responded affirmatively: "You can do that." Another agent asked "you done?", apparently to clarify that Defendant wanted to terminate the interview. Defendant responded: "I guess so," which appears to indicate a lack of certainty. An agent followed up that he wanted to know for sure if Defendant wanted a lawyer, because if yes, then the interview was over, and further that the agents couldn't talk to him further. A second agent said that if yes, then there would be no further contact between the agents and defendant. Finally, one of the agents said:

4

> If you want to talk to a lawyer, that's cool. That's, you can do that, but you ain't going to see us agents.

The Court finds that the agents did clearly indicate that Defendant could talk to a lawyer, but that this action would terminate their meeting with him. The further statement, that he would not have a chance to talk to them, did not undercut their previous assertion that if he wanted to talk with a lawyer they would comply – it clearly gave Defendant the choice; yes, you can talk to an attorney, but the result would be that their meeting would be over and they would not be meeting with him in the future.

The Court finds that Defendant decided, voluntarily, to continue to talk with the agents. *Colorado v. Connelly*, 479 U.S. 157, 167 (1968). As the United States Court of Appeals for the Sixth Circuit noted in *Simpson v. Jenkins*, 615 F.3d 421, 432 (6th Cir. 2010), "it is clear that defendant faces an uphill climb when, as here, he argues that a confession was involuntary even though he properly received and waived his *Miranda* rights." Defendant has not met this burden. Defendant was not a child, he was intelligent, he was used to "street language," he had a prior conviction, and he heard the *Miranda* warnings and initiated and signed the waiver form. Yes, there was a lot of profanity both ways, but Defendant was not being bulldozed or buffaloed.

The Court further finds that Defendant did not, at any time, make an unambiguous or unequivocal assertion of his right to counsel.

In a 2010 Supreme Court decision, where the Defendant even refused to sign the *Miranda* form, and did not respond to questions for close to three hours, the Court found no *Miranda* violation. *Berghuis v. Thompkins*, 130 S.Ct. 2250 (2010). In the instant case Defendant initiated and signed the *Miranda* form and was interviewed for 30 minutes before he brought up the issue

at hand.

*Berghuis* reaffirmed the *Davis* decision, *supra*, that a suspect must invoke his *Miranda* rights "unambiguously." *Id.* 2259. Defendant did not do so.

Accordingly, Defendant's Motion to Suppress is DENIED.

SO ORDERED.

DATED: 3-19-13

PAUL D. BORMAN

UNITED STATES DISTRICT JUDGE